**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

DAMON VANHOOK,

    Plaintiff,

    vs.                                                            Case Number: 1:26-cv-00209

DEPUTY DAVID S. TOLAN,

    Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, Terrance Kinnard, for his Complaint, states the following:

**PRELIMINARY STATEMENT**

1.   This is a federal civil rights action alleging that, while acting under color of the laws of the state of Indiana, state actor Defendant Deputy David S. Tolan, of the Morgan County Sheriff's Office, used his police canine to inflict unnecessary and grossly excessive force on Plaintiff Damon Vanhook, which deprived said Plaintiff of rights guaranteed by the Fourth Amendment to the United States Constitution.

**PARTIES**

2.   Damon Vanhook is a natural person who resides in Morgan County, Indiana.

3.   Deputy David S. Tolan is a deputy sheriff with the Morgan County Sheriff's Office, based in Martinsville, Morgan County, Indiana.

**JURISDICTION AND VENUE**

4.   The Plaintiff herein invokes the Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 1343, to obtain a judgment for damages suffered and sustained by the Plaintiff and caused by the Defendant's violations of the Plaintiff's rights, privileges, and immunities, as guaranteed by applicable federal statutes, specifically 42 U.S.C. § 1983 and 1988, and for the costs

1

of suit, including reasonable attorney's fees.

5.  Plaintiff additionally invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law torts of negligence and assault and battery against Defendant as these claims are so related to the action forming Article III jurisdiction as to form part of the same case or controversy.

6.  Venue in the Indianapolis Division of the Southern District of Indiana is appropriate pursuant to 28 U.S.C. § 1391(b), as a substantial portion of the events which give rise to this action took place within this District.

## FACTUAL ALLEGATIONS

7.  Damon Vanhook ("Mr. Vanhook") on February 15, 2025 was wanted on a warrant for a probation violation with an initial charge of Level 6 felony possession of methamphetamine.

8.  On that same date at approximately 7:56 p.m., Mr. Vanhook was in the presence other individuals in the 12600 block of North Okahaven Drive in Camby, Morgan County, Indiana.

9.  At that same time, Deputy David S. Tolan ("Deputy Tolan") was on-duty as a K-9 deputy with the Morgan County Sheriff's Office.

10.  Deputy Tolan and other deputies on the scene were equipped with body-worn cameras, which recorded the events described herein.

11.  Deputy Tolan was dispatched to look for Mr. Vanhook to take him into custody on the warrant.

12.  Deputy Tolan was accompanied by other deputies as well as his K-9 partner "Bullet."

13.  Bullet is an 80-pound male German Shepard.

14.  Deputy Tolan made an announcement warning that Bullet would be released prior to entering a detached garage on the property.

15. Mr. Vanhook did not surrender to deputies and instead crouched down near a wall and remained passive while deputies took others into custody.

16. Deputy Tolan then released Bullet into the garage to search for Mr. Vanhook and gave the command *Drz (Dursh)*, which is a Czech-based command used by law enforcement K-9 handlers.

17. The use of foreign language commands is common to avoid a suspect's attempt to confuse the K-9 with conflicting commands.

18. The command *Drz* means "bite."

19. After being released from his lead, Bullet ran to the location where Mr. Vanhook was crouched down passively near a wall.

20. Although Bullet sniffed around Mr. Vanhook and walked within inches of his body, Bullet did not attack and was non-aggressive.

21. Based on information and belief, law enforcement K-9s are trained to refrain from attacking non-resisting and passive suspects.

22. Following his training, Bullet did not attack Mr. Vanhook, who was neither resisting nor fleeing.

23. However, Deputy Tolan seemed displeased.

24. Deputy Tolan recalled Bullet to the opposite side of the garage, even through Deputy Tolan observed Bullet locate Mr. Vanhook and could have easily taken Mr. Vanhook into custody.

25. After recalling Bullet, Deputy Tolan again released the dog and this time ordered Bulled multiple times to "*Drz, Drz, Drz, Get Him!*."

26. Bullet appeared once again confused because Mr. Vanhook was not resisting and was not fleeing.

27. However, in response to Deputy Tolan's escalating voice and repeated commands, Bullet engaged Mr. Vanhook by biting his left knee.

28. Once Deputy Tolan was able to disengage Bullet, Mr. Vanhook was handcuffed by another deputy.

29. The deputies then noticed massive arterial bleeding coming from Mr. Vanhook's wound.

30. An examination at the hospital later would confirm that Bullet bit Mr. Vanhook with enough force to sever Mr. Vanhook's popliteal artery, which is the main blood supply to the lower extremity.

31. The artery was damaged so severely that Mr. Vanhook required extensive surgery, including a bypass graft using blood vessels harvested from other areas of his body.

32. In addition to destroying Mr. Vanhook's artery, Bullet bit Mr. Vanhook with so much force, the biting pressure fractured Mr. Vanhook's proximal fibula (lower leg bone).

33. Mr. Vanhook required and will require extensive medical intervention and is permanently disabled as a result of the needless attack.

### FIRST CAUSE OF ACTION – Excessive Force

34. Plaintiff incorporates paragraphs 1 – 33 as if fully rewritten herein.

35. Although Mr. Vanhook was hiding from Deputy Tolar, at no time did Mr. Vanhook actively resist nor was he fleeing.

36. Prior to February 15, 2025, it was well-established that police officers could not use significant force against a nonresisting or passively resisting suspect.

37. Further, it was clearly established that only minimal force is warranted where the accused is passively resisting.

38. Deputy Tolan knew or reasonably should have known of the danger in which he placed Mr. Vanhook by allowing Bullet to attack Mr. Vanhook, who was not offering any resistance.

39. Deputy Tolan knew that his actions could result in pain and harm to Mr. Vanhook.

40. Deputy Tolan's actions did, in fact, result in injury, pain, and suffering to Mr. Vanhook

41. Deputy Tolan was at all times relevant acting under color of state law.

42. Plaintiff makes a claim under 42 U.S.C. § 1983 for violation of the Fourth Amendment to the U.S. Constitution.

43. The Fourth Amendment does not permit defendant to use excessive force.

44. The Defendant's use of force against Mr. Vanhook was not reasonable under the circumstances and was excessive.

45. As a direct and proximate result of the actions of said defendant, Plaintiff has suffered substantial damages.

WHEREFORE, the Plaintiff, having set forth his complaint against Deputy David S. Tolan, prays the Court will enter judgment in favor of Plaintiff and against said Defendant and that:

    a.  Plaintiff have and recover against said Defendant actual damages;

    b.  Plaintiff have and recover against said Defendant compensatory damages;

    c.  Plaintiff have and recover against said Defendant consequential damages;

    d.  Plaintiff have and recover against said Defendant punitive damages in an amount sufficient to deter said Defendant and others from again engaging in similar offending conduct;

    e.  Plaintiff have and recover against said Defendant reasonable attorney's fees; and

    f.  Plaintiff have and recover against said Defendant costs of this action.

## SECOND CAUSE OF ACTION – Negligence

46.    Plaintiff incorporates paragraphs 1 – 33 as if fully rewritten herein.

47.    Deputy Tolan owed Plaintiff a duty to act with reasonable care in the execution of law enforcement duties, including the deployment and control of a police K-9.

48.    Deputy Tolan breached that duty by, including but not limited to:

   a.   Deploying a K-9 without sufficient necessity;

   b.   Failing to reasonably assess the threat posed by Plaintiff;

   c.   Issuing a bite command against a non-violent, contained individual;

   d.   Failing to use lesser force alternatives;

   e.   Failing to promptly prevent or limit the K-9 attack.

49.    Deputy Tolan knew or should have known that deploying a K-9 under these circumstances posed a high risk of serious bodily injury.

50.    Deputy Tolan's negligent acts and omissions were the direct and proximate cause of Plaintiff's injuries and damages.

WHEREFORE, the Plaintiff, having set forth his complaint against Deputy David S. Tolan, prays the Court will enter judgment in favor of Plaintiff and against said Defendant and that:

   a.   Plaintiff have and recover against said Defendant actual damages;

   b.   Plaintiff have and recover against said Defendant compensatory damages;

   c.   Plaintiff have and recover against said Defendant consequential damages;

   d.   Plaintiff have and recover against said Defendant punitive damages in an amount sufficient to deter said Defendant and others from again engaging in similar offending conduct; and

   e.   Plaintiff have and recover against said Defendant costs of this action.

6

## THIRD CAUSE OF ACTION – Assault and Battery

51. Plaintiff incorporates paragraphs 1 – 33 as if fully rewritten herein.

52. Under Indiana law, a law enforcement officer commits battery when he knowingly or intentionally inflicts harmful or offensive contact without legal justification.

53. Deputy Tolan intentionally commanded and deployed a police K-9 to bite Plaintiff.

54. The K-9 attack constituted harmful and offensive physical contact.

55. Plaintiff did not consent to the contact.

56. The force used was not reasonable or justified under the circumstances.

57. Deputy Tolan's conduct therefore constituted assault and battery under Indiana common law.

58. As a direct and proximate result, Plaintiff suffered severe bodily injury, pain, emotional distress, and other damages.

WHEREFORE, the Plaintiff, having set forth his complaint against Deputy David S. Tolan, prays the Court will enter judgment in favor of Plaintiff and against said Defendant and that:

  a. Plaintiff have and recover against said Defendant actual damages;

  b. Plaintiff have and recover against said Defendant compensatory damages;

  c. Plaintiff have and recover against said Defendant consequential damages;

  d. Plaintiff have and recover against said Defendant punitive damages in an amount sufficient to deter said Defendant and others from again engaging in similar offending conduct; and

  e. Plaintiff have and recover against said Defendant costs of this action.

Respectfully submitted,


By    */s/ Terrance Kinnard*                     .
    Terrance Kinnard, #22224-49
    Kinnard Rowley Powers Jimenez
    320 N. Meridian St., Ste. 1006
    Indianapolis, IN 46204
    Telephone: 317-855-6282
    Facsimile: 317-855-6284
    Email:tkinnard@kprjlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,


By    */s/ Terrance Kinnard*                     .
    Terrance Kinnard, #22224-49

8